UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN SAVOY, | ) | CASE NO.  5:09CV958 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| THE UNIVERSITY OF AKRON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 4.) The motion was filed and served electronically on September 9, 2009, making any opposition motion due no later than October 9, 2009. *See* LR 7.1(d) (memorandum in opposition to a dispositive motion due 30 days after service). No opposition as been filed to date.

## I.  BACKGROUND [1]

The complaint, filed by Alan Savoy on April 24, 2009, alleges that the University, "a 'State University' as defined by Ohio Revised Code § 3345.011" (Compl. ¶2), violated Savoy's rights under 42 U.S.C. §§ 1981 and 1983 and under the fourth, fifth and fourteenth amendments to the U.S. Constitution.

Savoy alleges that on April 25, 2008, at a time when he was a degree-seeking student of the University, he went to a University building in an attempt to view public records

---

[1] There has been no discovery to date. For that matter, the University asserts in its motion that it has yet to be served with the Complaint, although it is unclear how the University knew about this action to file the current motion. The facts set forth in this section of the Memorandum Opinion and Order are gleaned from the complaint itself.

for which he had made "multiple written requests." (Compl. ¶ 5.) The University allegedly "was reluctant to produce public records in accordance with Ohio law[,]" until Savoy forced at least partial production by way of a mandamus action in state court. (Compl. ¶6.) When he attempted to personally obtain the remainder of his document request, he alleges that he was unlawfully arrested by University officers for disorderly conduct and criminal trespass, even though a City Prosecutor advised the officers that there were no legal grounds to charge Savoy. (Compl. ¶¶ 7, 8, 9.) On May 12, 2008, an internal hearing was conducted by the Office of Student Affairs where the University claimed that Savoy had violated four provisions of the Code of Student Conduct. (Compl. ¶ 11.) On May 19, 2008, Savoy was found "responsible" for disorderly conduct in violation of section II-E of the Student Code of Conduct, but "not responsible" for any other charges. (Compl. ¶ 12.) Savoy was also ordered to attend anger management classes and placed on academic probation. (Compl. ¶ 13.) On July 16, 2008, the University placed a "hold" on Savoy's academic record, causing him to become "non-enrolled" for the Fall Semester of 2008 and delaying his graduation. (Comp. ¶ 14.)

In Count I of his complaint, Savoy alleges that the University violated 42 U.S.C. § 1981 when, acting "under color of state law [. . .] it falsely arrested [him because it was] motivated by a dislike of Savoy and in the interests of hindering Savoy's public records requests." (Compl. ¶ 16.) He also alleges that he was "treated differently from other students accused of violating the Code of Student Conduct." (Id.). He asserts that the University "interfered with his contractual right to attend the University of Akron and his Constitutional rights to attend a public university" (Compl. ¶ 17), "place[d] false accusations in [his] file, to defame his reputation [. . .], and placed a hold on his academic record, thereby blocking him from continuing his efforts to obtain a college degree and delaying his graduation." (Compl. ¶

2

18.) He asserts that "[t]his delay and defamation will delay, if not prevent, [his] entry into the academic work force." (*Id.*).

In Count II, Savoy alleges that the University's action violated 42 U.S.C. § 1983 when it deprived him of his Fourth Amendment right not to be unlawfully seized and his Fifth and Fourteenth Amendment rights to due process and equal treatment.

## II. DISCUSSION

Dismissal of Savoy's claims against the University, brought solely under federal law, is required for three reasons.

First, under the Eleventh Amendment, the University, as part of the state of Ohio, is absolutely immune from suit in federal court, absent its consent to be sued elsewhere. *Childs v. Koosed*, No. 90-3449, 1991 WL 33133, at *4 (6th Cir. March 13, 1991), citing *Collins v. University of Cincinnati*, 3 Ohio App. 3d 183, 184 (Ohio App. 1981) (" state university is considered to be an instrumentality of the state, thus amenable to suit" under Ohio's Court of Claims Act, which vests "[e]xclusive original jurisdiction to entertain suits against the state [. . .] in the Court of Claims").

Second, Savoy cannot maintain an action under 42 U.S.C. § 1981 absent allegations of the type of discrimination which § 1981 was intended to prohibit. *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987) (by enacting § 1981, "Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics."); *see also Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (recognizing the holdinig of *St. Francis College*). A close reading of the complaint reveals absolutely no allegations relating in any way to race, ancestry or ethnicity.

Finally, Savoy cannot maintain an action against the University under 42 U.S.C. §1983 because the University is not a "person" within the meaning of that statute. In *Wills v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Here, as already noted, the University is an instrumentality of the state of Ohio and is, therefore, not a "person" under § 1983.

### III. CONCLUSION

For the reasons set forth above, the University's unopposed motion to dismiss (Doc. No. 4) is **GRANTED** and this case is dismissed in its entirety.

**IT IS SO ORDERED**.

Dated: October 16, 2009

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**